IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Joe Barton, ) | |
| ) | CIVIL ACTION NO. 9:10-1362-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| James M. Dorriety; Scotty Bodiford; ) | |
| Tracy H. Krien; Patricia Rae, PA; ) | |
| Richard Sherman, MD; and ) | |
| Joann Scaggs, MD; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who was a pretrial detainee at the Greenville County Detention Center at the time this action was filed, is presently an inmate with the South Carolina Department of Corrections (SCDC). Plaintiff alleges in this lawsuit that the named Defendants violated his constitutional rights by providing him inadequate medical care.

The Defendant Jo Ann Scaggs filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on August 9, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 13, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant Scaggs' motion may be granted. After receiving an extension



of time to respond, Plaintiff filed a memorandum in opposition to Defendant Scaggs' motion on October 5, 2010.

Defendant Scaggs' motion is now before the Court for disposition.[1]

### Allegations of Plaintiff's Complaint

Plaintiff alleges in this lawsuit (both in his complaint and amended complaint filed August 4, 2010) that during the relevant time period he was a pre-trial detainee at the Greenville County Jail, and that upon being arrested on August 3, 2009 he informed the medical department at the jail that he was suffering from a severe right knee injury. Plaintiff alleges the Defendant Rae ordered an x-ray and prescribed medication for pain. Plaintiff alleges that sometime in August or September he was told by Rae that the x-ray did not reveal anything to be broken, but that in response to a question from the Plaintiff asking whether it was possible he could have a torn ACL, Rae said that an x-ray would not reveal a torn ACL. Plaintiff alleges that he then asked Rae if he could be referred to an orthopedic specialist for an assessment, and that Rae told him she could make a referral but that the final decision would be up to the Defendant Krien, the medical administrator.

Plaintiff alleges that Krien subsequently came to his housing unit and verbally attempted to intimidate him by telling him there would be no authorization of outside treatment by any specialist unless Plaintiff could pay for the treatment. Plaintiff alleges that Krien also told him that "regardless of any . . . attending doctor's referrals she would not approve any outside treatment." Plaintiff alleges that he was then referred to the Defendant Dr. Richard Sherman for evaluation of

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant Scaggs has filed a motion to dismiss. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.



his knee, and was prescribed some anti-inflammatory medication. Plaintiff alleges that Sherman told him he would check on him after the medicine "was completed", but that Sherman "never followed up as he said he would." Plaintiff alleges that he again complained to Krien, who threatened to put him in the segregated housing unit.

Plaintiff alleges that on November 15, 2009 he complained through the grievance process to the Defendant Dorriety (Jail Administrator) and that Dorriety responded by stating that Plaintiff needed to arrange to pay for an outside doctor, and that otherwise there was no basis for a referral. When Plaintiff continued to complain, Rae told him that the most she could do for him was to prescribe pain medication and refer him to "the new doctor." Plaintiff alleges that, in the meantime, he filed another grievance to Jail Administrator Scotty Bodiford, but that Bodiford failed to respond. Plaintiff alleges that on December 16, 2009, he was provided crutches and more pain medication, and that he stayed on crutches for about ten (10) days. Plaintiff alleges he was then told that he would be scheduled to see a new doctor.

Plaintiff alleges that on February 26, 2010, he was examined by the Defendant Dr. Scaggs, who agreed that he was damaged and said that she was referring him for treatment at the Greenville Memorial Hospital Medical Clinic. Plaintiff alleges, however, that Krien denied the referral, following which Plaintiff filed another grievance to the Defendant Dorriety on March 17, 2010. Plaintiff alleges that Dorriety again denied his grievance. Plaintiff does not indicate what relief he is seeking. See generally, Complaint.

## Discussion

The Defendant Scaggs in her motion argues that she is entitled to dismissal as a party Defendant because there is no basis for liability on her part from the allegations of the complaint.



- 3 -

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case. See <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). As the Plaintiff is proceeding <u>pro se</u>, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Here, the undersigned is constrained to agree with Scaggs that the allegations of Plaintiff's complaint fail to state a plausible claim for relief "on its face" with respect to her. As a pre-trial detainee during the time period set forth in the complaint, Plaintiff's claims are evaluated under the due process clause of the Fourteenth Amendment. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979). The Eighth Amendment is used to evaluate conditions of confinement for those convicted of crimes. However, for purposes of consideration of Plaintiff's claims, the standard of whether Plaintiff received constitutionally adequate medical care is essentially the same. See <u>Martin v. Gentile</u>, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections].

Under this standard, in order to proceed with a claim against Scaggs under § 1983 for denial of medical care, Plaintiff must set forth sufficient allegations to state a plausible claim that

- 4 -



Scaggs was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). Plaintiff's complaint contains no such factual allegations. Plaintiff simply alleges that he was seen by the Defendant Scaggs on February 26, 2010, who examined his knee, agreed that it was damaged, and said that she was referring Plaintiff to the Greenville Memorial Hospital Medical Clinic for evaluation and treatment. Plaintiff alleges that the Defendant Krien thereafter denied Dr. Scaggs referral.

These are the only factual allegations regarding the Defendant Scaggs in the complaint, and there is nothing in these allegations to give rise to a plausible claim for relief "on its face" that the Defendant Scaggs was deliberately indifferent to Plaintiff's serious medical needs. Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennen, 511 U.S. 825, 837 (1994). To the contrary, Plaintiff's allegations show that Scaggs agreed to provide Plaintiff the referral he was seeking. Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]. Scaggs is therefore entitled to dismissal as a party Defendant based on the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555



(2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]; Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading]; see generally Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Iqbal, 129 S.Ct. at 1950 ["[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' that the pleader is entitled to relief"]; Hagebush v. United States, 657 F.Supp. 675, 677 (D.Neb. 1986)["[P]ro se pleadings may not be merely conclusory; the complaint must allege facts which, if true, state a claim as a matter of law"].

The undersigned does note, however, that in his response to the Defendant's motion, Plaintiff sets out his complaints concerning Scaggs' performance in greater detail than are set forth in his complaint. These comments, of course, are not part of Plaintiff's complaint. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]. However, in light of Plaintiff's pro se status, rather than immediately granting Scaggs' motion to dismiss, the Court could allow Plaintiff a window of opportunity to amend the allegations of his complaint to include additional allegations with respect to this Defendant. Cf. Calhoun v. Vicari, 05-4167, 2005 WL 2372870, at * 5 (D.N.J. Sept. 26, 2005)[Allowing Plaintiff to supplement an otherwise insufficient allegation to allow for the possible maintenance of a sufficient claim]. If Plaintiff does so, the sufficiency of any claims he makes against Scaggs could then be evaluated anew.



**<u>Conclusion</u>**

Based on the foregoing, it is recommended that the Court grant Plaintiff fifteen (15) days to file an amended complaint to address the concerns and deficiencies set forth in this opinion. If Plaintiff files an amended complaint as directed by the Court, then it is recommended that the Defendant Scaggs' motion to dismiss be **denied**. If, however, Plaintiff fails to amend his complaint to include any additional factual allegations against Scaggs, then in that event it is recommended that Scaggs' motion be **granted,** and that she be **dismissed** as a party Defendant in this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 13, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

