IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Bobby Joe Barton, ) | Civil Action No.: 9:10-cv-01362-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| James M. Dorriety; Scotty Bodiford; Tracy ) | |
| H. Krien; Patricia Rae, P.A.; Richard ) | |
| Sherman, M.D.; Joann Scaggs, M.D.; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina.

This matter is before the court with the [Docket Entry 45] Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant[1] filed on October 13, 2010, and Defendant Scaggs' [Docket Entry 26] Motion to Dismiss filed on August 9, 2010. In the R & R, the Magistrate Judge found that "nothing in [Plaintiff's] allegations [] g[a]ve rise to a plausible claim for relief 'on its face' that the Defendant Scaggs was deliberately indifferent to Plaintiff's serious medical needs." R & R at 5. Therefore, the Magistrate Judge indicated that "Scaggs is [] entitled to dismissal as a party Defendant based on the allegations of the complaint." *Id.* Nevertheless, the Magistrate Judge recommended that, "in light of Plaintiff's pro se status, rather than immediately granting Scaggs' motion to dismiss, the Court [should] allow Plaintiff a window of opportunity to amend the allegations of his complaint to include additional allegations with respect to this Defendant." *Id.* at 6. If Plaintiff did file an amended complaint "to address the concerns and

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 73.02(B)(2)(d) and (e), (D.S.C.).

deficiencies set forth" in the R & R, the Magistrate Judge recommended that Defendant Scaggs' motion should be denied. *Id.* at 7.

After entry of the R & R, Plaintiff did, in fact, timely file an amended complaint as to Defendant Scaggs. *See* Am. Compl. [Docket Entry 62]. The Amended Complaint contains additional factual allegations relating to Defendant Scaggs, which were not contained in the original Complaint. Accordingly, Defendant Scaggs' motion should be denied so that these new claims can "be evaluated anew." R & R at 6.

### Conclusion

Based on the foregoing, and for the reasons stated by the Magistrate Judge in his R & R, it is therefore **ORDERED** that Defendant Scaggs' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
    R. Bryan Harwell
    United States District Judge

Florence, South Carolina
December 9, 2010