IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bobby Joe Barton, ) | |
| ) | Civil Action No.: 9:10-cv-01362-RBH |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| James M. Dorriety; Scotty Bodiford; ) | |
| Tracy H. Krien; Patricia Rae, PA; ) | |
| Richard Sherman, MD; and Joann ) | |
| Scaggs, MD; ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff's [Docket #72] "Motion to Alter of Amend the Judgment." The Court construes the Plaintiff's motion as objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' [Docket #66] Motion for Summary Judgment and dismiss this case. For the following reasons, the Court adopts the Magistrate Judge's R&R.

**Procedural History & Factual Background**

This case was initiated on May 26, 2010, when the Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants were deliberately indifferent to his serious medical needs. On December 30, 2010, the Defendants filed their Motion for Summary Judgment. The Plaintiff filed a Response in Opposition on February 7, 2011. The Magistrate Judge issued an R&R on February 17, 2011, in which he recommends that the Court grant the Defendants' Motion

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Marchant for pretrial handling.

for Summary Judgment.  On March 3, 2011, the Plaintiff filed the instant "Motion to Alter of Amend the Judgment," which the Court construes as objections to the R&R.  The facts and allegations in this case are clearly summarized in the Magistrate Judge's R&R and do not need to be restated here.  This matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Plaintiff summarizes his argument as follows:

> He was incarcerated in GCDC for (12) months and that he saw three (3) doctors for his right knee injury. The Plaintiff states that they knew his injury was serious or should have known.  They all came up with three (3) different diagnosis but all (3) agree there was no need for a referral for M.R.I. or an orthopedic surgeon.  All three doctors were wrong[.] Tracy H. Krien was wrong for condoning it.   James M.

2

> Dorriety was wrong for ordering it and Scotty Bodiford was wrong for looking the other way. All five (5) of these individuals stood together on one (1) assessment and that was there is no need to warrant an M.R.I., and no need for a referral to a specialist. I state to the Court that every denial was deliberate and intentional a[nd] has caused me bodily harm over the last (12) months.

Objections, p. 9. In the Magistrate Judge's R&R, he finds that "the Defendants have provided evidence from the medical administrator of the Detention Center, an affidavit from a licensed physician, and copies of Plaintiff's medical consult records, all of which detail Plaintiff's long and repeated history of being seen and evaluated by medical personnel for his medical conditions and complaints . . . . Plaintiff is simply dissatisfied with the medical care he received" and concludes that "[n]o deliberate indifference is indicated in any of this evidence." R&R, pp. 11-12. In his objections, the Plaintiff alleges "[t]he genuine issue being that the Plaintiff had a serious medical injury to his right knee but the administration and medical staff refused him adequate treatment." Objections, p. 6. The Plaintiff states that "[t]he material facts are that the administration and the medical staff conspired to knowingly with intent to fabricate all sorts of diagnoses that would assist in denying him his request to have an M.R.I. done in which would support also a request for a[n] orthopedic surgeon's referral." *Id.*

A § 1983 claim is not stated by disagreements between an inmate and a physician over treatment, diagnosis, or other questions of medical judgment. *See Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). The United States Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988); *see Russell,* 528 F.2d at 318 (stating that "[p]risoners are entitled to reasonable medical care . . . . However, mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983"). The mere failure to treat all medical problems to a prisoner's

satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. *Sosebee v. Murphy,* 797 F.2d 179, 181 (4th Cir. 1986) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976))).

Essentially, the Plaintiff's Complaint is one of disagreement with his medical treatment plan. *See* Objections, p. 2 ("They knew there was a[] serious medical injury and disregarded it in place of 'less efficacious treatment route' by dispensing medication instead of a reasonable follow through for soft tissue damage which could only be reveal[ed] by a CT (cat scan) or an M.R.I. . . ."). As such, the Court cannot find that a genuine issue of material fact exists as to whether his treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Considering the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has failed to show that the Defendants violated his clearly established constitutional rights because he has failed to show that they knew that the Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.[2] *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994).

---

[2] "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier*, 896 F.2d at 854 (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To establish a deliberate indifference to medical needs claim under § 1983 against non-treating supervisory prison personnel, the Plaintiff must prove: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. *See id.* The Plaintiff has not shown that any non-treating supervisory personnel personally failed to promptly provide medical care, deliberately interfered with the physicians' performance, or tacitly authorized any unconstitutional conduct.

4

At most, the Plaintiff's Complaint involves a disagreement about his diagnosis and treatment, or alleges medical negligence. As mentioned above, a § 1983 claim is not stated by disagreements between an inmate and a physician as to treatment or diagnosis,[3] and negligence/medical malpractice is not actionable under §1983. *Daniels v. Williams,* 474 U.S. 327 (1986); *see Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999) (stating deliberate indifference is a very high standard and a showing of mere negligence will not meet it).

Notably, the Plaintiff's own statement of facts in his objections support the conclusion that the Defendants **have not** been deliberately indifferent to the Plaintiff's medical needs. For example, the Plaintiff states that:

> (1) On February 3, 2011, he was examined by Dr. Lewis, who opined that Plaintiff most likely suffered from torn ligaments in his right knee. Dr. Lewis ordered an x-ray and stated that if the x-ray did not reveal anything, then an M.R.I. would be ordered.
>
> (2) On February 10, 2011, an x-ray of the Plaintiff's right knee was performed, and the results showed no breaks or fractures.
>
> (3) On February 16, 2011, the Plaintiff was approved for an M.R.I., and it was performed the same day.
>
> (4) On February 18, 2011, the Plaintiff received the results of his M.R.I., which confirmed torn ligaments (ACL) in the right knee. He was also approved for a consultation with an orthopedic surgeon at the earliest convenience of the surgeon.
>
> (5) As of March 1, 2011, the Plaintiff was still waiting for the orthopedic surgeon to set an appointment date, "but the date cannot be revealed to the Plaintiff because it would breach security."

Objections, pp. 2-4. Thus, by the Plaintiff's own admission, the Defendants continue to attend to his medical needs, but he is simply not satisfied with the course of treatment. To the extent that the Plaintiff argues that the Defendants have "conspired together . . . to deny [him] adequate medical

---

[3] *See, e.g., Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).

5

treatment by making it known . . . that there would not be any outside referrals to any specialists,"[4] and that the Defendants do not plan to actually allow the Plaintiff to consult with the orthopedic surgeon, this claim is not supported by the record. *See House v. New Castle County,* 824 F. Supp. 477, 485 (D. Md. 1993) (finding the plaintiff's conclusory allegations insufficient to maintain claim); *see generally Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) ("[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial."). As such, there exists no genuine issue of material fact as to whether the Defendants were deliberately indifferent to the Plaintiff's health or safety, and summary judgment is appropriate.

## Conclusion

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, the Defendants' Motion for Summary Judgment is **GRANTED,** and this case is dismissed.

**IT IS SO ORDERED.**

                s/ R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

Florence, South Carolina
March 21, 2011

---

[4] Objections, p. 5.